IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

WINFRED WITHERSPOON, #325747     *
          Plaintiff
     v.                                  *    CIVIL ACTION NO. JFM-05-2232

ANTOINE COLE                       *
          Defendant.
                                        ******

**MEMORANDUM**

On August 15, 2005, plaintiff Winfred Witherspoon, a prisoner in Maryland Division of Correction custody, filed a 42 U.S.C. § 1983 civil rights lawsuit for compensatory damages against Antoine Cole, claiming that Cole breached a "binding agreement" with regard to the payment of cash and the return of property. Plaintiff states that:

> On 1/24/04 Mr. Antoine Cole posted Mr. Witherspoon's $350.00 case bail. As collateral, Mr. Witherspoon gave Mr. Cole his 18-K gold diamond bracelet. A binding agreement was made between Mr. Witherspoon and Mr. Cole, that upon adjudication of the case, Mr. Cole agreed to forward Mr. Witherspoon a $350.00 money order, in exchange he keep the bracelet. On 8/20/04, Mr. Witherspoon's case was adjudicated and Mr. Cole breached the contract because he refused to forward the $350.00 money order to Mr. Witherspoon and refused to release the bracelet to Mr. Withersppon's sister Annie Witherspoon, in which Mr. Cole knowingly and willfully deprived Mr. Witherspoon of his bracelet.

Paper No. 1 at 4, § III.

Plaintiff has filed a motion for leave to proceed *in forma pauperis*, accompanied by an affidavit in support of his motion. Because of his confinement, as well as plaintiff's affirmed lack of monies, cash, or interest in real or personal property, he shall be granted leave to proceed in forma pauperis. *See* 28 U.S.C. §1915(a).

The jurisdictional and threshold requirements of §1983 civil actions are that: a substantial federal question be asserted and that the named defendants be acting "under color of" state law. *See* 28 U.S.C. §§ 1343(a)(3) and (4); *West v. Adkins*, 487 U.S. 42, 49 (1988); *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 928-930 (1982). Plaintiff has set out no more than alleged breach of contract complaint against a private citizen. Therefore, a cause of action has not been stated under §1983.[1]

For the foregoing reasons, plaintiff's §1983 claim against the defendant shall be dismissed for the failure to state a colorable federal complaint pursuant to 28 U.S.C. §1915(e).[2] *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989); *Cochran v. Morris*, 73 F.3d 1310, 1314 (4th Cir. 1996). Plaintiff is hereby notified that pursuant to 28 U.S.C. § 1915(g),[3] he may be barred from filing future suits *in forma pauperis*

---

[1] The cause of action also fails to meet the threshold requirements for filing a contract complaint under 28 U.S.C. § 1332 (diversity and amount in controversy).

[2] 28 U.S.C. §1915(e)(2) states that:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that–
>
> (A)  the allegation of poverty is untrue; or
> (B)  the action or appeal--
>   (i)  is frivolous or malicious;
>   (ii) fails to state a claim on which relief may be granted; or
>   (iii) seeks monetary relief against a defendant who is immune from such relief.

[3] 28 U.S.C. §1915(g) reads as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless     the prisoner is under imminent danger of

if he continues to file federal civil rights actions that are subject to dismissal as frivolous or malicious under §1915(e) or under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim on which relief may be granted.

      A separate Order shall be entered reflecting the rulings set out herein.

Date: __August 19, 2005__         __/s/_____
                                                J. Frederick Motz
                                                United States District Judge

---

      serious physical injury.

      As the Court interprets this provision of the statute, once three such dismissals under §1915(e) or Rule 12(b)(6) of the Federal Rules of Civil Procedure have been accumulated, a prisoner will be barred from initiating further civil actions *in forma pauperis*, absent extraordinary circumstances.